United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORLANDO SANCHEZ DE TAGLE,
Plaintiff,

v.

HACKEEM LEE,
Defendant.

Case No. 5:25-cv-09008-NW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: ECF No. 25

Before the Court is Defendant Hackeem Lee's motion to dismiss Plaintiff Orlando Sanchez de Tagle's first amended complaint ("FAC"). ECF Nos. 8, 25. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument. The Court VACATES the hearing and GRANTS IN PART AND DENIES IN PART Defendant's motion.

## I. BACKGROUND

### A. Factual Background

For the purposes of resolving the Motion, the Court takes the factual allegations as alleged in the FAC as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On November 13, 2023, Defendant and another officer surveilled Mr. Sanchez de Tagle Plaintiff in unmarked vehicles outside the Santa Clara Superior Courthouse. FAC ¶¶ 10-11. Defendant arrested Plaintiff pursuant to a valid warrant, and transported him to the Sheriff's Station where he began interrogating him. *Id.* ¶¶ 5-8, 13. Plaintiff alleges that Defendant, without a warrant and without Plaintiff's consent, seized Plaintiff's unlocked "iPhone 11 Max Pro," his laptop, and possibly an Android phone. *See id.* at ¶¶ 14-17, 21, 22. Plaintiff

acknowledges that a judge issued a warrant to search "a white iPhone 11 with a red case, three cameras on one side, one on the other," but he maintains that the warrant does not describe the iPhone 11 Max Pro he owned. *Id.* ¶ 15. Further, he alleges that the judge did not issue that search warrant until three months later, on February 7, 2024.

### B. Procedural Posture

Plaintiff, who is representing himself, filed this suit on October 20, 2025. The Court screened the complaint and issued an Order dismissing the complaint in part with leave to amend. Upon amendment, Plaintiff renewed two of his previous claims: one for unlawful search and seizure and one for invasion of privacy. After further screening, Judge DeMarchi ordered service of the FAC. On May 11, 2026, Defendant moved to dismiss both claims in the FAC.

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar,* 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (quotation marks omitted). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels–Hall,* 629 F.3d at 998; *Sanders,* 504 F.3d at 910; *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153 (9th Cir. 2000). And in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012).

## III. DISCUSSION

### A. Fourth Amendment

To assert a § 1983 claim against Defendant in his individual capacity, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."



United States District Court
Northern District of California

*West v. Atkins*, 487 U.S. 42, 48 (1988). "Warrantless searches by law enforcement officers 'are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Cervantes*, 703 F.3d 1135, 1138-39 (9th Cir. 2012) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see also See Riley v. California*, 573 U.S. 373, 401 (2014) (holding "that a warrant is generally required before [a cell phone may be searched], even when a cell phone is seized incident to arrest").

Plaintiff alleges that Defendant "went through [his] google emails, pictures, location history, documents, I cloud [sic] information, phone call history, text messages using [his] iPhone 11 Max Pro and laptop." FAC ¶ 21. Though vague, Plaintiff appears to allege that Defendant began conducting his search of Plaintiffs' devices in the interrogation room with Plaintiff during his arrest. *See id.* ¶ 22 (alleging Defendant "was acting under the color of state law while in the interrogation room he opened my laptop and went through it."). Taken together, and considered in the light most favorable to Plaintiff, these allegations state a cognizable claim against Defendant under the Fourth Amendment.

Accordingly, Defendant's motion to dismiss Plaintiff's § 1983 claim is DENIED.

**B. Invasion of Privacy**

Plaintiff's second claim alleges that Defendant invaded his privacy. *See* FAC ¶¶ 21-28. He contends that Defendant "invaded my privacy using his under-cover vehicle white Dodge Durango to surveillance [sic] me prior to my arrest which I saw him with my own eyes in the driver seat after crossing the intersection of Leland and Alameda." *Id.* at ¶ 27. Plaintiff further alleges that Defendant, "invaded my privacy by having me surveillance while I was on [public transportation]." *Id.* at ¶ 28.

An invasion of privacy claim can be based on the California Constitution, common law, or statute. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022) (discussing privacy claims under California common law and the California Constitution); *see also* Cal. Penal Code § 637.2 (stating a statutory cause of action under the California Invasion of Privacy Act). Claims for invasion of privacy under the California Constitution and common law intrusion both require that: "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly

United States District Court
Northern District of California

offensive." *Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 601 (9th Cir. 2020).

Plaintiff's claim fails because he has no reasonable expectation of privacy in his movements traveling on public thoroughfares. As the California Supreme Court recently confirmed, police officers "may consider what they see in plain view and determine whether what they observe merits further observation, inquiry, or intervention." *People v. Flores*, 15 Cal. 5th 1032, 1051 (2024). When an individual like Plaintiff knowingly exposes his whereabouts to the public, he has no expectation of privacy. *See Gill v. Hearst Publishing Co*. (1953) 40 Cal.2d 224, 230 (1953) ("[T]here can be no privacy in that which is already public."). Without an expectation of privacy, there is no invasion by Defendant or anyone else.

Accordingly, Defendant's motion to dismiss Plaintiff's invasion of privacy claim is GRANTED. And because Plaintiff did not have a right to privacy when he noticed the Defendant and others surveilling him on the street, any attempt to amend this claim would be futile, and Count II is DISMISSED WITH PREJUDICE.

**IV. CONCLUSION**

Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Defendant shall file an answer to Plaintiff's complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 20, 2026

Noël Wise
United States District Judge